UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUSSELL FRITZ,<br><br>               Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>               Defendant. | NO. C14-5658RSL<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR ATTORNEY'S FEES |

This matter comes before the Court on Plaintiff Russell Fritz's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). See Dkt. 30. The Commissioner of the Social Security Administration ("Commissioner") challenges the amount of plaintiff's requested fees on the grounds that the amount is unreasonable under the particular facts of this case. See Dkt. 31. The Court disagrees and GRANTS plaintiff's motion for statutory fees.

I.      PROCEDURAL HISTORY

On February 2, 2017, this Court issued an order reversing and remanding the Commissioner's decision to deny benefits for further administrative proceedings. See Dkt. 29. On appeal of an order affirming the Commissioner's decision denying plaintiff benefits, the

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 1

Ninth Circuit Court of Appeals concluded that the Commissioner's decision relied on credibility determinations that were not supported by substantial evidence and reversed and remanded to this Court. See id. This Court therefore reversed the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. See id.

## II. DISCUSSION

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Plaintiff was the prevailing party because the Court reversed and remanded the Commissioner's decision to deny benefits for further administrative proceedings. See Dkt. 29.

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. See id. at 433, 436-37. Once the Court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." Id. at 429, 433 n.7. "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433. The Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." Id. at 435.

Here, plaintiff prevailed on the single claim of whether or not the denial of his social security application was based on harmful legal error. See Dkt. 29. Plaintiff requested attorney's fees in the amount of $7,669.59, representing 40.2 hours of work. See Dkt. 30-3.

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 2

1  The Commissioner argues that the amount requested is unreasonable for several reasons, none
2  of which are persuasive. See Dkt. 31.
3    First, the Commissioner argues that plaintiff used block billing that may have resulted
4  in a request for excessive hours. See id. at 3-5. The Commissioner argues that "where an
5  attorney's billing practices—such as billing in block billing increments rather than tenth-of-an-
6  hour increments—may result in an overstatement of the actual time expended, courts may
7  reduce EAJA awards on grounds of unreasonableness." See id. at 3. However, as cited by the
8  Commissioner, plaintiff billed by the tenth of an hour. See Dkt. 30-3. The Commissioner then
9  concludes that plaintiff's briefs contained "a substantial amount of boilerplate language" and
10 did not involve particularly complex issues. See Dkt. 31 at 4-5. The Court finds that neither the
11 content of plaintiff's briefs nor the amount of time spent on them was outside the norm in the
12 field. Therefore, plaintiff's billing was not unreasonably excessive.
13   Next, the Commissioner argues that plaintiff billed for clerical tasks, specifically
14 reviewing *in forma pauperis* ("IFP") paperwork and preparing the EAJA motion, which should
15 be omitted from the EAJA award. See id. at 5-6. However, neither of these tasks is strictly
16 clerical in nature. Reviewing IFP paperwork with a client to ensure the accuracy of the facts
17 within the motion is not a clerical task, and the 0.2 hours spent is not unreasonable. Similarly,
18 preparing an EAJA motion involves reviewing case law, the facts of the case, and drafting the
19 motion, which are not clerical tasks. Claimants may be awarded fees for hours reasonably
20 expended in seeking attorney's fees under the EAJA. See Comm'r, I.N.S. v. Jean, 496 U.S.
21 154, 162-66 (1990).
22   Therefore, the Court finds reasonable plaintiff's original request for attorney's fees in
23 the amount of $7,669.59. The Court also finds reasonable plaintiff's request for $404.63 for 2.1
24

hours of additional work replying to the Commissioner's objection to his request for fees. See Jean, 496 U.S. at 162-66.

### III. CONCLUSION

Plaintiff is awarded $8,074.22 in attorney's fees pursuant to the EAJA and consistent with Astrue v. Ratliff, 130 S. Ct. 2521, 2524 (2010). Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. See id. at 2528. The check for EAJA fees shall be mailed to plaintiff's counsel: Amy Gilbrough; Douglas, Drachler, McKee, & Gilbrough, LLP; 1904 Third Avenue, Suite 1030; Seattle, WA 98101.

Dated this 29th day of August, 2017.

*[signature]*
ROBERT S. LASNIK
United States District Judge